Shebshayevich v City of New York
2026 NY Slip Op 04050
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Violetta Shebshayevich, Respondent,
v
The City of New York, Appellant.

Decided and Entered: June 25, 2026
Index No. 158793/19|Appeal No. 6966|Case No. 2025-01829|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for appellant.

[*1]
Order, Supreme Court, New York County (Jeannine R. Johnson, J.), entered on or about January 17, 2025, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff commenced this action against defendant City of New York for injuries she sustained on June 12, 2018,when she allegedly tripped and fell on uneven and broken pavement in Central Park near the entrance at Columbus Circle.
The City established prima facie entitlement to summary judgment by submitting its records from the Department of Parks and Recreation for the southern area of Central Park for the two years before plaintiff's accident (see Civic v City of New York, 215 AD3d 445, 445-446 [1st Dept 2023]). Those records show that the City did not receive prior written notice of the alleged defective condition.
In opposition, plaintiff failed to raise an issue of fact. A Parks Inspection Program (PIP) report, dated April 11, 2018, noted "cracked, uplifted or deteriorated" asphalt on a path inside the park. However, the photograph attached to the PIP report shows an area different from the one where plaintiff's accident allegedly occurred, as shown by a comparison of the PIP photograph to the photographs of the accident location authenticated by plaintiff during her deposition. Thus, the PIP report does not raise a triable issue of fact as to whether the City had prior written notice of the defect in the area where plaintiff allegedly fell, as the City's awareness of one defect in the area is insufficient to constitute notice of a different defect that caused the accident (see id. at 446; Hued v City of New York, 170 AD3d 571, 572 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026